## No. 13,774.

BOWEN ET AL. *v.* SHEARER ET AL.
(66 P. [2d] 534)

Decided February 23, 1937. Rehearing denied April 5, 1937.

Mr. JOSEPH K. BOZARD, for plaintiffs in error.

Mr. C. R. MONSON, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court; hence we refer to them as plaintiffs and defendants, or by name.

Plaintiffs sued to establish their rights to divert and use, from the Baxter ditch owned by defendants, sufficient water to irrigate their land lying thereunder, approximately 110 acres. They rely upon oral contract and prescription. Defendants deny both, and in a trial to the court had judgment, to review which this writ is prosecuted.

The Baxter ditch and the Suttle ditch cross plaintiffs' lands, the latter having been first constructed. Plaintiffs claim that at the time of the construction of the former, about 1889, its then owner contracted with their predecessors in interest for the water claimed in consideration of a right of way for said ditch. Neither party is aided by record or writing. Plaintiffs further say that the land in question has been continually irrigated by them and their predecessors in interest from the date of said contract to 1928, at which time defendants stopped them under threat of prosecution; and that, ignorant of their rights, they ceased such use until the summer of 1933, when they learned of the alleged contract through the testimony of one Booco given in another trial, which was "the first knowledge plaintiffs had of their right." Defendants answer that such irrigation, if any, was intermittent, surreptitious and wrongful. Complaint herein was filed February 20, 1934.

A demurrer to the answer set up five grounds, three of which are clearly waived and the other two are as clearly untenable. One contention made thereunder is that the answer contains a negative pregnant. The contention is disposed of by the rule relating thereto as stated in 21 R. C. L., p. 560, §119, and in *Drennen v. Williams*, 59 Colo. 301, 308, 148 Pac. 265. We think the demurrer requires no further notice.

Plaintiffs offered the testimony of three witnesses to establish the alleged oral contract. Two were near relatives who had remained silent when plaintiffs were ousted by defendants in 1928. The other was said Booco who owned plaintiffs' land at the time but made

no mention of the contract when he later sold it, and further testified that no element of time was included. The testimony of all three is inconsistent with the facts and otherwise unsatisfactory. Defendants offered no direct contradiction, which in the nature of things was impossible, but they had never heard of the contract and, if it existed, never had notice of it. Plaintiff Algia D. Bowen obtained his title in 1916 and had been a tenant on the land for eight years prior thereto. It follows that his claim to this water under oral contract fails in the face of the fact that for twenty-five years he was ignorant of the existence of that contract. It is contended that notice to defendants was immaterial because the contract was executed. The answer is that such execution is one of the disputed facts. Defendants flatly contradict it. If plaintiffs' evidence is to be believed they and their predecessors used this water continually from 1889 to 1928 during which time it was their sole source of supply. If that of defendants is believed little, if any, use was made of it and that surreptitiously, and plaintiffs in fact irrigated from the Suttle ditch through a flume over the Baxter ditch. Thus the case is a simple one of disputed facts found on conflicting evidence and under the well established rule the judgment must stand.

On the ground of prescription a more potent reason compels affirmance. It is said that plaintiffs' use was open, notorious and adverse for thirty-five years. Passing for the present the noted conflict in the evidence an essential element of such title is wanting, i. e., claim of right. 67 C. J., p. 943, §400; *Clark v. Ashley,* 34 Colo. 285, 289, 82 Pac. 588. Since plaintiffs' use was without knowledge of the contract they could predicate no right thereon, hence they were mere licensees and their use could never ripen into title adverse to defendants. 9 R. C. L., p. 776, §36, p. 778, §37.

Complaint is made of the ruling of the trial court taking judicial notice of its decree awarding priorities to the Suttle and Baxter ditches and its refusal to permit

the bill of exceptions to show that these were in evidence. They are, however, brought up by the bill, but are wholly immaterial to our conclusion.

The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Bakke concur.